Torrance MARSHALL, Plaintiff,

v.

Everett RICE, Sheriff of Pinellas County, in his official capacity and Eric Gibson, individually, Defendants.

No. 8:01–cv–2120–T–24MAP.

United States District Court, M.D. Florida, Tampa Division.

Nov. 12, 2002.

Ted E. Karatinos, Seeley & Karatinos, PA, St. Petersburg, FL, James W. Holliday, Prugh, Holliday & Deem, PL, Tampa, FL, for Plaintiff.

Thomas E. Spencer, Pinellas County Attorney's Office, Clearwater, FL, for Defendants.

## ORDER

BUCKLEW, District Judge.

This cause comes before the Court for consideration of Defendants' Objections to U.S. Magistrate Judge's Order Quashing Trial Objections and Excluding Witnesses (Doc. No. 173, filed November 1, 2002). Plaintiff has responded to Defendants' Objections (Doc. No. 178, filed November 6, 2002).

Upon consideration of Defendants' Objections, Plaintiff's Response and Magistrate Judge Pizzo's October 18, 2002 Order and being otherwise fully advised, the Court finds that the Magistrate Judge's ruling was neither clearly erroneous nor contrary to the law. Accordingly, the Magistrate Judge's Order (Doc. No. 171) is **AFFIRMED,** and Defendants' Objections (Doc. No. 173) are **DISMISSED.**

## *ORDER*

PIZZO, United States Magistrate Judge.

THIS CAUSE is before the Court on Plaintiff's Motion for Protective Order (doc. 159–1) and to Exclude Undisclosed Witnesses (doc. 159–2) and Defendants' response thereto (doc. 164), and Defendants' Motion for Leave to Depose Witnesses for Presentation of Evidence at Trial (doc. 166). For the reasons stated below, the Plaintiff's motion for protective order is granted and the Defendant's motion for leave to take trial depositions is denied.

The Defendants in this case have made the discovery process needlessly complicated. The district judge, in her case management order, set July 8, 2002, as the cutoff for discovery (doc. 7). She extended that deadline to October 14, 2002, for the "limited purpose of conducting discovery related to Plaintiff's punitive damages claim." (doc. 92). At a hearing on August 9, 2002 (doc. 114), I ruled on a series of motions presented by both sides (but primarily the Defendants' motions) pertaining to matters centering on the Plaintiff's firearms expert, Gregory Danas. Some of the issues concerned Danas's access to the firearm at issue and the completeness of his Rule 26 expert's report. Hence, I required the Plaintiff to furnish the

Defendants Danas's revised Rule 26 report after he had inspected the firearm in question and set October 4, 2002, as the date for the Defendants to provide Plaintiff with any supplemental Rule 26 reports from their experts should any be necessary.[1] In my order memorializing my rulings at the hearing, I reminded the parties all case management dates the district judge had imposed remained in effect (doc. 114).

Now the Defendants seek to depose six additional witnesses. All these witnesses (Gump, Hoyer, Pinkham, Ring, Davis, and Raynor) possess, according to the Defendants, "material evidence regarding the lack of qualifications of Gregory Danas." *See* doc. 166 at p. 3. Defense counsel admits he extensively interviewed these witnesses but needs to depose them because they cannot be compelled to attend the trial. *Id.* In short, the Defendant contends trial depositions are different from discovery depositions. The Federal Rules of Civil Procedure do not make this distinction. *See Chrysler Intern. Corp. v. Chemaly,* 280 F.3d 1358, 1362 (11th Cir. 2002); *Tatman v. Collins,* 938 F.2d 509 (4th Cir.1991) (same). Rule 26 contains the general provisions governing discovery with Rule 30 outlining the requirements for taking depositions by oral examination. Any admission of any deposition at trial is subject to the application of Fed.R.Evid. 804. Simply put, the rules no longer recognize *de bene esse* depositions. WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2002.

The trial in this case is scheduled for the district judge's December 2002 trial term with a final pretrial conference set for November 14. The witnesses the Defendants seek to depose reside in Iowa, Virginia, Maryland, and Massachusetts. None has any knowledge about the events alleged in the *complaint.* All, instead, are expert witnesses or witnesses that presumably will try to dis-

credit or impeach the Plaintiff's firearm expert based on their technical training. The Defendants have had ample opportunity to retain any expert whose opinions are material to their defense and can call any expert witness they have retained to testify at trial provided they have timely complied with their Rule 26 obligations.[2] Extending the discovery deadline and permitting the Defendants to take these depositions at this late date imposes an unnecessary hardship on Plaintiff.

ORDERED:

1. Plaintiff's Motion for Protective Order (doc. 159–1) and to Exclude Undisclosed Witnesses (doc. 159–2) is GRANTED.

2. Defendants' Motion for Leave to Depose Witnesses for Presentation of Evidence at Trial (doc. 166) is DENIED.

Oct. 18, 2002.

---

1. The Defendants had objected to Danas's inspection of the handgun; consequently, the Plaintiff moved to compel an inspection. After hearing argument at the hearing, I granted the motion and directed an inspection occur at a mutually convenient time on or before August 30, 2002. *See* doc. 114

2. Defendants unilaterally scheduled two depositions for October 22 (Davis) and November 5 (Raynor). Davis's deposition was noticed to take place in Lowell, Massachusetts and Raynor's at Port Charlotte, Florida. The Defendants did not provide the Plaintiff with any Rule 26(a)(2) reports by these experts as required.